knew that they were required to commence a quiet title action in order to obtain good and marketable title, they maliciously, willfully, and intentionally refused to do so in order to prevent Water Works from redeeming the taxes and getting its Property back.

## I.   Arbor Funding Commences Litigation To Recover the Property

141.   On or about September 14, 2004, an action was commenced in the Supreme Court, Nassau County (Warshawsky, J.) by Water Works' mortgagees Arbor Secured Funding, Inc. and Arbor Management LLC pursuant to Article 15 of the RPAPL to determine claims to the Property and to declare that its mortgages were good and valid liens on the Property.

142.   After the lawsuit was commenced, Gary met with Macari sometime in October 2004, and asked him how the defective form could have ever been accepted for filing. Macari advised plaintiff that the form was improper and he would recommend that the deed be rescinded.

143.   Upon information and belief, in late November 2004, Edwards called Richard Melius, Gary's brother and asked him to set up a lunch meeting with Gary.  During that lunch, Edwards sought to keep the Property away from Gary and asked whether Gary would be willing to drop his claims to the Property and if so what his price would be.  Edwards advised that he had someone willing to buy it for $3-5 million dollars.  Gary declined this offer and advised Edwards he believed he was entitled to get the property back.

144.   In and around January 2005, Water Works asserted cross-claims against Just Assets for (i) a determination of the parties rights pursuant to Article 15 of the RPAPL; (ii) declaratory judgment that Water Works was the rightful owner of the Property; (iii) a claim under RPAPL §853 for wrongful disseizure of Property and treble damages; and (iv) slander of title.

145.   In March 2005, prior to any discovery, Arbor moved for summary judgment, and Just Assets cross-moved for summary judgment.  In its motion, Just Assets claimed it had properly obtained the tax deeds, that the defective form was a "de minimus" error, and the result of a mere inadvertent "scanning error."  All the facts and circumstances relating to the involvement of Glacken, Edwards, other Village officials, Sernick, and County personnel and the fraudulent scheme and conspiracy to deprive Gary of the Property, were concealed and not known to cross-claim plaintiffs.

**J.     Gary Is Contacted by Edwards' Estranged Mistress Leslie Rothschild**

146.   In and around October 28, 2005, while awaiting a decision from the Court on the pending motions, Gary received a telephone call from Leslie Rothschild ("Rothschild") late at night.  Rothschild was the long-time mistress of Edwards and mother of his two young children, born while Edwards was still married to his current wife.

147.   During that phone call, Rothschild told Gary she was personally aware of a scheme by Edwards, Kanter, and/or Glacken to take Gary's property from him, that there had been numerous conference calls at her home between Edwards, Kanter, and Sernick, and that Edwards had disclosed to her that he would receive $100,000 for brokering the deal, plus 10% of the profits and the legal work.  Rothschild further stated she was willing to talk with law enforcement authorities about it.

148.   Gary was completely shocked by this disclosure since he had never had a conversation with Rothschild about the Village of Freeport or his troubles there and his only prior contact with Rothschild was in Christmas 2003 on a business matter regarding Oheka Castle.

**K.     The Order dated January 26, 2006**

149.    Thereafter, by Order dated January 26, 2006, the Supreme Court (Warshawsky, J.) granted Arbor's motion for partial summary judgment and set aside the tax deeds issued to Just Assets, and granted Water Works summary judgment on its first two cross-claims and declaring Water Works the rightful owner.  In that Order, the Court concluded that the Notices to Redeem filed and served by Sernick, Kanter, Brock, and Just Assets were improper and invalid.

150.    The Court found issues of fact, however, precluding summary judgment on Water Works' third and fourth cross-claims, and those claims continue to be litigated.

151.    Upon information and belief, on or about February 8, 2006, the tax deeds to Just Assets LLC were cancelled, and title reinstated to Water Works.

**L.     Water Works Loses its Contract With Lincoln Properties**

152.    Prior to the tax deeds being cancelled, and in and around September 2005, after almost 2 years of being delayed and with Water Works unable to obtain approvals because Water Works was disseized of its property, Water Works' contract vendee Lincoln Properties terminated the Contract.  Water Works has been unable to find a prospective purchaser since that time and is once again pursuing site plan approvals.

153.    Edwards, Glacken, and other Village officials are once again being uncooperative and unnecessarily causing delays, obstacles, and impediments to the approval process.

**JURISDICTION AND VENUE**

154.    This Court has jurisdiction over the named defendants, who are all residents of New York and/or have a principal place of business in New York.

155.    Venue is appropriate in this County because virtually all the defendants are either

residents of Nassau County or entities whose principal place of business is Nassau County.

156. This Court has concurrent jurisdiction with the federal court over the claims arising under 42 U.S.C. §1983 et seq. *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302 (1988)(state court has concurrent jurisdiction over Section 1983 claims).

## AS AND FOR A FIRST CROSS-CLAIM AND COUNTERCLAIM
### (RPL §853 CLAIM)

157. Cross-Claim Plaintiffs reiterate and repeat all the allegations contained in the paragraphs marked and designated "1" through "156" as if more fully set forth at length herein.

158. Just Assets, Kanter and Brock (the "Just Assets Defendants"), in furtherance of the scheme orchestrated by Glacken, Edwards, and the other Village defendants (the "Village Defendants") wrongfully and intentionally altered an official County form, and deleted language contained in the official Nassau County Notice to Redeem form that can be obtained on the Nassau County Treasurer's Office website or at the Nassau County Treasurer's Office.

159. Specifically, the form promulgated by the County of Nassau which carries the official County seal states in part: "The actual owner of this property should pay particular attention to this notification because the failure to act can result in either the commencement of a foreclosure action in court, or the Treasurer's issuance of a tax deed to the property described below."

160. The Just Assets Defendants, in furtherance of the scheme orchestrated by the Village Defendants, fraudulently, wrongfully, deliberately, and intentionally modified the Notice to Redeem and changed the above language to read the following: "The actual owner of this property should pay particular attention to this notification because the failure to act has serious

consequences."

161.   The Just Assets Defendants unlawfully and intentionally made such

representations and offered such false instruments for filing in order to wrongfully disseize Water

Works of its property in furtherance of their scheme.

162.   As a result of the fraudulent and defective Notices to Redeem, Just Assets

unlawfully secured tax deeds for the Property and changed the locks on the fence surrounding the

Property, resulting in Water Works being ejected and put out of its Property in an unlawful and

forcible manner.

163.   Water Works invested substantial sums to purchase and develop the Property, and

had a Contract of Sale to sell the Property as of January 2004 for $8.5 million dollars, which

investment and Contract was lost due to the wrongful and intentional conduct of the defendants.

164.   As a result of these violations, Water Works has been damaged in an amount to be

determined at trial but believed to be no less than $8,500,000.

## AS AND FOR A SECOND CROSS-CLAIM AND COUNTERCLAIM
### (TREBLE DAMAGES CLAIM UNDER RPL §853)

165.   Cross-claim plaintiffs reiterate and repeat all the allegations contained in the

paragraphs marked and designated "1" through "164" as if more fully set forth at length herein.

166.   By reason of the foregoing, the Just Assets Defendants and the Village Defendants

forcibly and unlawfully disseized Water Works of all its ownership rights in the Property

including the right of possession.

167.   In disseizing Water Works of its property by means of an altered, fraudulent

Notice to Redeem, the Just Assets Defendants and the Village Defendants acted intentionally,

willfully, and maliciously and/or in such a reckless, wanton or criminal manner and/or in a grossly negligent manner so as to indicate a conscious disregard of the rights of others.

168.    By reason of the foregoing, Water Works is entitled to an award of treble damages pursuant to RPL §853.

### AS AND FOR A THIRD CROSS-CLAIM AND COUNTERCLAIM
### (SLANDER OF TITLE CLAIM)

169.    Cross-claim plaintiffs reiterate and repeat all the allegations contained in the paragraphs marked and designated "1" through "168" as if more fully set forth at length herein.

170.    The Just Assets Defendants falsely communicated and represented to the County of Nassau that it sent Water Works a proper Notice to Redeem pursuant to the Nassau County Administrative Code on a proper form.

171.    Based upon said false representations that were made both orally and in writing, Just Assets was issued two tax deeds that falsely cast doubt on the validity of Water Works' title and ownership in the Property and such tax deeds were recorded with the Clerk of the County of Nassau.

172.    Upon information and belief, the Just Assets Defendants knew or should have known that they had no right to apply for a tax deed based on the Fraudulent Notices to Redeem.

173.    This defamation of title was reasonably calculated to cause Water Works damage in that Water Works lost ownership and possession of the property from July 8, 2004 through February 8, 2006 due to the false and defamatory communications and filing of false instruments by the Just Assets Defendants.

174.    Said defamation of title and  false communications casting doubt on the validity

of Water Works' title was done with malicious intent and/or with reckless disregard for their truth or falsity.

175.    At the time said defamation of title occurred, Water Works was in contract to sell the Property to Lincoln Properties for $8.5 million dollars.

176.    As a result of the wrongdoing, which cast doubt on Water Works' title to the Property from July 8, 2004 through February 8, 2006, Water Works was prevented from obtaining the necessary approvals and closing on the contract and selling the Property to Lincoln Properties or others, thereby suffering special damages in the amount of $8,500,000.00.

## AS AND FOR A FOURTH CROSS-CLAIM AND COUNTERCLAIM
### (FRAUD)

177.    Cross-claim plaintiffs repeat each and every allegation contained in paragraphs "1" through "176" hereof with the same force and effect as though herein set forth at length.

178.    The cross-claim and counterclaim defendants engaged in fraudulent conduct by, *inter alia*, scheming to effectuate a plan whereby they would obtain the County tax liens under false pretenses, and then sell or assign all the Water Works tax liens to a pre-selected purchaser in order to divest Gary of his ownership interest in the Property; implementing and supervising the process whereby Edwards pre-selected his close friend and client Matthew Kanter as the purchaser of the tax lien; causing a "proposal letter" to be drafted by Kanter to make it appear as though the transaction was a neutral, arms-length transaction; obtaining assignment of the Nassau County tax liens under false pretenses; approving Village resolutions to indemnify Just Assets and sell the Water Works tax liens to Just Assets; deliberately altering an official Nassau County form to omit critical language which would apprise Water Works that Just Assets intended to

apply for a tax deed and obtain title to the Property; applying for the tax deed on the very first

day possible and procuring expeditious issuance of the tax deeds to Just Assets based on the

defective and fraudulent notices.

179.    The cross-claim and counterclaim defendants knew or should have known, *inter*

*alia*, that the official Nassau County form was altered and omitted critical language, which

alteration was done for the express purpose of inducing Water Works and others to rely upon it.

180.    Water Works and others justifiably relied on the contents of the Notice to Redeem

and was injured thereby when Just Assets applied for and obtained tax deeds for the Property.

181.    As a result of the fraudulent conduct by the cross-claim and counterclaim

defendants, Water Works has been injured in an amount to be established at trial but believed to

be no less than $8.5 million dollars.

182.    Further, the cross-claim and counterclaim defendants' conduct was wanton,

extreme and outrageous, and of a nature impacting the public interest and governmental integrity,

entitling Water Works to punitive damages in an amount to be fixed at trial against all such

defendants.[4]

## AS AND FOR A FIFTH CROSS-CLAIM AND COUNTERCLAIM
### (AIDING AND ABETTING FRAUD)

183.    Cross-claim plaintiffs repeat each and every allegation contained in paragraphs

"1" through "182" hereof with the same force and effect as though herein set forth at length.

184.    Upon information and belief, each of the cross-claim and counterclaim defendants

---

[4] Due solely to the rule generally exempting governmental bodies from punitive damages, Water Works does not seek such punitive damages against the Village of Freeport.

had actual knowledge of the aforesaid fraudulent conduct and scheme to unlawfully deprive Water Works of its property.

185.    Upon information and belief, each of the cross-claim and counterclaim defendants participated and furthered the aforesaid fraudulent acts and scheme, and provided substantial assistance in furtherance of the fraudulent scheme.

186.    Upon information and belief, the Village Defendants being Glacken, Edwards, Davis-Frierson, White, Miller, Martinez, Lancaster, Colton, and the Village knew, participated in and furthered the fraudulent scheme by, *inter alia*, (i) conceiving, conspiring, and executing the scheme to get the Property away from cross-claim plaintiffs; (ii) pre-selecting Kanter – a close friend and client of Edwards, with no experience in tax liens or real estate development – to be the purchaser/assignee of the Water Works tax liens; (iii) retaining and paying Sernick and/or Xspand to obtain assignment of the Nassau County tax liens to the Village of Freeport for purposes of selling them to Kanter, Brock, and Just Assets; (iv) approving Village resolutions to sell, transfer and assign the Water Works Tax Liens to Just Assets; (v) approving Village resolutions to indemnify Just Assets for up to $155,000 in connection with the assignment of the tax liens; (vi) participating in meetings and conference calls to discuss and further the fraudulent scheme; and (vii) demanding, extorting, and or requiring compensation and/or kickbacks in furtherance of the fraudulent scheme.

187.    Upon information and belief, the individual County defendants being Macari, Dachowitz, and Daly knew, participated in and furthered the fraudulent scheme by, *inter alia*, (i) accepting and processing Sernick's application for the assignment of County tax liens to the

Village of Freeport; (ii) requesting Sernick to draft correspondence on behalf of the County in connection with the assignment of the County tax liens to the Village of Freeport and placing Sernick's correspondence on County letterhead; (iii) recommending that the County Legislature approve assignment of the County tax liens to the Village of Freeport; (iv) accepting and processing obviously-altered and defective Notices to Redeem which bore the County seal; (v) issuing tax deeds on an expedited basis to Just Assets based on the defective Notices to Redeem, at the specific request of Sernick, Kanter and Brock; (vi) personally participating in meetings, telephone calls, and conference calls in furtherance of the scheme, including calling Sernick, Kanter and/or Brock personally on July 8, 2004 to advise that the tax deeds would be ready and signed that same day; (vii) recording the tax deeds on an expedited basis on July 8, 2004 at the specific request of Sernick, Kanter, and Brock; (viii) conspiring with Sernick, Clark, DMH, and the Just Assets defendants in furtherance of the fraudulent scheme; and (ix) accepting compensation in the way of entertainment perquisites from Just Assets, Kanter, and Brock.

188.   Upon information and belief, the Just Assets Defendants, being Kanter, Brock, Just Assets NY 1, Just Assets NY 1 LLC and Kotsoteka LLC, participated in and furthered the fraudulent scheme by, *inter alia*, (i) conspiring with the Village defendants and Edwards to agreeing to be the purchaser and/or assignee of all the Water Works tax liens for the purposes of obtaining a tax deed and getting the Property away from Gary; (ii) preparing and sending a concocted "proposal letter" to the Village of Freeport offering to purchase the liens and develop the Property to make it appear as though the selection process was a neutral, arms-length transaction by the Village; (iii) participating in numerous meetings, calls, and conference calls in furtherance of the fraudulent scheme; (iv) agreeing to pay monies or kickbacks to Edwards,

Glacken, and others in exchange for the opportunity to get the tax deeds and develop the

property; (v) hiring Sernick and DMH to prepare the Notices to Redeem and obtain the tax deed;

(vi) getting tax deeds to the Property in furtherance of the fraudulent scheme.

189.     Upon information and belief, the DMH Defendants, being Sernick, Clark, and

DMH participated in and furthered the fraudulent scheme by *inter alia*, (i) acting through Sernick

as the conduit between the County and the Village with regard to the entire scheme from start to

finish; (ii) implementing the scheme by requesting an assignment of the County tax liens to the

Village off Freeport by filing deceptive and misleading assignment applications and claiming the

Village intended to develop the property for municipal purposes; (iii) advising, assisting, and

furthering the scheme by participating in conference calls and meetings with the Village

defendants, the County defendants, and the Just Assets defendants; (iv) demanding that the

Treasurers of the Village and County not permit redemption of the taxes by Water Works; (v)

preparing and filing deliberately altered and defective Notices to Redeem; and (vi) applying for

tax deeds and then requesting expedited approval of the tax deeds.

190.     As a result of the fraudulent conduct by the cross-claim and counterclaim

defendants, Water Works has been injured in an amount to be established at trial but believed to

be no less than $8.5 million dollars.

191.     Further, each of the cross-claim and counterclaim defendants' conduct was

wanton, extreme and outrageous, and of a nature impacting the public interest and governmental

integrity, entitling Water Works to punitive damages in an amount to be fixed at trial against all

such defendants.[5]

## AS AND FOR A SIXTH CROSS-CLAIM AND COUNTERCLAIM
### (FIFTH AMENDMENT - TAKING)

192.   Cross-claim plaintiffs repeat each and every allegation contained in paragraphs "1" through "191" hereof with the same force and effect as though herein set forth at length.

193.   Glacken, Edwards, Colton, Lancaster, Frierson, the Board of Trustees and the Village of Freeport act under color of State law.

194.   Glacken and Frierson, as Mayor and Deputy Mayor of the Village of Freeport, are policymakers for the Village and govern the Village together with the Village Board of Trustees.

195.   Edwards and Colton, as Village Attorney and Deputy Village Attorney, are policymakers for the Village.  Upon information and belief, the Village Attorneys transmit legal advice and give direction to the Mayor on all Village matters and formulate and enforce Village policies.  Edwards works hand in hand with his brother-in-law Mayor Glacken to control the entire Village and has done so for the last 11 years.

196.   The Board of Trustees are policymakers for the Village and govern the Village together with the Mayor and Deputy Mayor.

197.   Lancaster, as Treasurer of the Village of Freeport is a policymaker for the Village with respect to the collection of Village taxes.

198.   The actions, decisions, customs, and policies of Glacken, Edwards, Frierson, Colton, Lancaster, and the Board of Trustees constitute and reflect official Village policy.

---

[5] Due solely to the rule generally exempting governmental bodies from punitive damages, Water Works does not seek such punitive damages against the Village of Freeport.

199.    Upon information and belief, the Village Defendants have a policy, practice and custom to harass, annoy, interfere and intimidate certain property owners in the Village in order to achieve a certain result or prevent or delay a proposed use, by, *inter alia*, delaying or withholding permits and approvals, issuing summonses, and attempting to deprive the owner of their lawful use and enjoyment of the property.

200.    Upon information and belief, this policy, practice and custom of harassing, annoying, and otherwise intimidating property owners in the Village is not limited to Water Works but is and was part of a general Village policy to make it difficult for certain property owners to obtain building approvals and permits, in order to force the owners to sell their property for a below-market price to the Village or to abandon their plans to develop the property for a certain use.  For example, in a lawsuit filed in 2005 in the Eastern District of New York, it is alleged that the Village, Glacken, Edwards, and others attempted to delay approvals to a property owned by Brett Crompton on behalf of a local church, which intended to use the property as a halfway house.  After Crompton closed on the property in 2004, the Village, through Edwards, threatened to, *inter alia*, delay action on building applications and approvals because it did not approve of the proposed use of the property, issued summonses to Crompton, made Crompton file unnecessary applications to do simple repairs that were not required of other property owners, and repeatedly sought to get Crompton to sell the property to the Village for below-market cost.  (see Complaint filed in *Crompton v. Village of Freeport*, 04 CIV 4476.)

201.    Upon information and belief, so here, the Village sought to harass, annoy, and otherwise intimidate Water Works and make it difficult to obtain approvals and permits for the purpose of trying to get Water Works to abandon its property and/or sell it to the Village for

below-market value.

202.    Sernick acted as an agent and consultant for the Village of Freeport and acted under color of State law.  As a consultant to the Village and one of the main participants in the fraudulent scheme, Sernick recommended the policies and plans that were ultimately adopted and acted upon by the Village with respect to the Water Works tax liens and or implemented Village policy, made the applications to the County of Nassau for the assignment of tax liens on behalf of the Village, and effectuated the scheme on behalf of the Village.

203.    Sernick and DMH were also retained by the Village of Freeport as attorneys in connection with other matters including lobbying efforts. As such, Sernick and DMH were cloaked with the mantle of authority to act on behalf of and for the Village of Freeport.

204.    Sernick, Clark, and DMH, acting under color State law and on behalf of the Village, *inter alia*, prepared and served fraudulent Notices to Redeem which failed to give notice that the tax lien purchaser would apply for a tax deed, all in furtherance of the scheme to get the Property away from cross-claim plaintiffs.

205.    The afore-said conduct by the Village Defendants and the DMH Defendants, acting under color of State law in violation of 42 U.S.C. §1983, culminated in the issuance of two tax deeds to Just Assets by the County of Nassau Treasurer's Office, resulting in Water Works being unlawfully deprived of its Property for a period of twenty months.

206.    Upon information and belief, Dachowitz, Macari, and Daly act under color of state law. (the "Individual County Defendants")

207.    Upon information and belief, Daly, Macari, and Dachowitz, in approving the obviously defective Notices to Redeem, issuing tax deeds thereon, and expediting the tax deeds

to Just Assets acted recklessly and/or intentionally and/or maliciously.

208.    As a result of the foregoing wrongful conduct by the Village Defendants, the Individual County defendants, and the DMH Defendants, Water Works was injured and deprived of the rights, privileges and immunities they are entitled to as a matter of law.

209.    Accordingly, cross-claim plaintiffs are entitled to a declaratory judgment that the cross-claim and counterclaim defendants acting under color of State law wrongfully deprived Water Works of its Property in violation of the Fifth and Fourteenth Amendments of the United States and New York State Constitutions, entitling cross-claim plaintiffs to recover damages in an amount to be determined at trial but believed to be no less than $8.5 million dollars.

## AS AND FOR A SEVENTH CROSS-CLAIM AND COUNTERCLAIM
### (SUBSTANTIVE DUE PROCESS VIOLATION AND CONSPIRACY- 42 U.S.C. §1983)

210.    Cross-claim plaintiffs repeat each and every allegation contained in paragraphs "1" through "209" hereof with the same force and effect as though herein set forth at length.

211.    By virtue of their ownership of the Property, cross-claim plaintiffs have constitutionally cognizable property rights.

212.    By reason of the foregoing, the Village Defendants, the DMH Defendants, and and the Individual County Defendants, acting under color of state law, violated the cross-claim plaintiffs' right to substantive due process by, *inter alia*, depriving them of their property from the period of July 8, 2004 through February 8, 2006.

213.    Upon information and belief, each of the Village Defendants, the DMH Defendants, and the Individual County Defendants, acting under color of state law, acted willfully and intentionally and conspired with and among each other, culminating in an

agreement, understanding or meeting of the minds that violated the cross-claim plaintiff's rights secured by the Constitution or the federal courts.

214. Additionally, the Just Assets Defendants acted jointly and conspired with the substantial assistance of the afore-said state actors to violate cross-claim plaintiffs' constitutional rights including but not limited to (i) agreeing to be the purchasing entity of the Water Works tax liens; (ii) preparing and sending a concocted "proposal" letter at the request of the Village to make it appear as though Just Assets was a neutrally-selected, arms length purchaser; (iii) attending numerous meetings and conference calls with the Village Defendants in furtherance of the conspiracy and scheme; (iv) agreeing to pay monies or kickbacks to Edwards, Glacken, and others in exchange for the opportunity to get the tax deeds and develop the property; (v) hiring Sernick and DMH to prepare the Notices to Redeem and obtain the tax deed; (vi) getting tax deeds to the Property in furtherance of the fraudulent scheme.

215. By reason of the foregoing, cross-claim plaintiffs are entitled to recover damages pursuant to 42 U.S.C. §1983 in an amount to be determined at trial but believed to be no less than $8.5 million dollars.

## AS AND FOR AN EIGHTH CROSS-CLAIM AND COUNTERCLAIM
### (PROCEDURAL DUE PROCESS AND CONSPIRACY- 42 U.S.C. §1983)

216. Plaintiffs reiterate and repeat the allegations contained in the paragraphs marked and designated "1" through "215" as if more fully set forth at length herein.

217. By virtue of their ownership of the Property, cross-claim plaintiffs have constitutionally cognizable property rights, which cannot be taken without due process of law.

218. By reason of the foregoing, the Village Defendants, the DMH Defendants, and

and the Individual County Defendants, acting under color of state law, violated the cross-claim

plaintiffs' right to procedural due process by failing to provide adequate notice and due process

that cross-claim plaintiffs' property could be conveyed upon application to the County Treasurer

by tax deed, which resulted in cross-claim plaintiff's property being taken for the period of July

8, 2004 through February 8, 2006.

219.    Upon information and belief, each of the Village Defendants, the DMH

Defendants, and the Individual County Defendants, acting under color of state law, acted

willfully and intentionally and conspired with and among each other, culminating in an

agreement, understanding or meeting of the minds that violated the cross-claim plaintiff's rights

secured by the Constitution or the federal courts.

220.    Additionally, the Just Assets defendants acted jointly, and conspired with the

substantial assistance of the afore-said state actors to violate cross-claim plaintiffs' constitutional

rights including but not limited to (i) agreeing to be the purchasing entity of the Water Works tax

liens; (ii) preparing and sending a concocted "proposal" letter at the request of the Village to

make it appear as though Just Assets was a neutrally-selected, arms length purchaser; (iii)

attending numerous meetings and conference calls with the Village Defendants in furtherance of

the conspiracy and scheme; (iv) agreeing to pay monies or kickbacks to Edwards, Glacken, and

others in exchange for the opportunity to get the tax deeds and develop the property; (v) hiring

Sernick and DMH to prepare the Notices to Redeem and obtain the tax deed; (vi) getting tax

deeds to the Property in furtherance of the fraudulent scheme.

221.    By reason of the foregoing, cross-claim plaintiffs are entitled to recover damages

in an amount to be determined at trial but believed to be no less than $8.5 million dollars.

## AS AND FOR A NINTH CROSS-CLAIM AND COUNTERCLAIM
### (LEGAL FEES - 42 U.S.C. §1988)

222.   Cross-claim plaintiffs reiterate and repeat all the allegations contained in the

paragraphs marked and designated "1" through "221" as if more fully set forth at length herein.

223.   As a result of the foregoing wrongful conduct by the Just Assets Defendants, the

Village Defendants, the Individual County Defendants, and the DMH Defendants, cross-claim

plaintiffs have had to incur substantial sums for legal fees and the costs and expenses of litigation

since 2004. Accordingly, pursuant to 42 U.S.C. §1988, cross-claim plaintiffs are entitled to an

award of attorneys fees in an amount to be determined at trial.

## AS AND FOR A TENTH CROSS-CLAIM
### (EXISTING CROSS-CLAIM AGAINST COUNTY OF NASSAU)

224.   Cross-claim plaintiffs repeat each and every allegation contained in paragraphs

"1" through "223" hereof with the same force and effect as though herein set forth at length.

225.   The County of Nassau has admitted that the Notice to Redeem filed by Sernick,

Clark, DMH and Just Assets was faulty, defective, and improper.

226.   That from the time that the tax deeds were issued in July 2004 to the date the tax

deeds were cancelled in February 2006, Water Works suffered damages.

227.   As a result of the County's negligence in accepting the improper notice, and by

giving Just Assets a tax deed based on that improper notice, the County of Nassau is liable to

Water Works in the amount of $500,000.00.

### PRAYER FOR RELIEF

228.   Wherefore, cross-claim plaintiffs seek judgment on their Cross-Claims and

Counterclaims as follows:

A.      On the First Cross-Claim and Counterclaim under RPL §853, damages in an amount to be determined at trial but believed to be no less than $8,500,000;

B.      On the Second Cross-Claim and Counterclaim under RPL §853, an award of treble damages;

C.      On the Third Cross-Claim and Counterclaim, for slander of title, damages in an amount to be determined at trial but believed to be no less than $8,500,000;

D.      On the Fourth Cross-Claim and Counterclaim for fraud, damages in an amount to be determined at trial but believed to be no less than $8,500,000 and punitive damages;

E.      On the Fifth Cross-Claim and Counterclaim for aiding and abetting fraud, damages in an amount to be determined at trial but believed to be no less than $8,500,000;

F.      On the Sixth Cross-Claim and Counterclaim for a declaratory judgment that the cross-claim and counterclaim defendants acting under color of State law wrongfully deprived Water Works of its Property in violation of the Fifth and Fourteenth Amendments of the United States and New York State Constitutions, damages in an amount to be determined at trial but believed to be no less than $8.5 million dollars;

G.      On the Seventh Cross-Claim and Counterclaim, for violations under 42 U.S.C. §1983 of substantive due process, damages in an amount to be determined at trial but believed to be no less than $8.5 million dollars;

H.      On the Eighth Cross-Claim and Counterclaim, for violations under 42 U.S.C. §1983 of procedural due process, damages in an amount to be determined at trial but believed to be no less than $8.5 million dollars;

      I.       On the Ninth Cross-Claim and Counterclaim, pursuant to 42 U.S.C.

§1988,  an award of attorneys fees in an amount to be determined at trial;

      J.       On the Tenth Cross Claim against the County of Nassau, damages in the

amount of $500,000.00;

      K.      Such other further and different relief as to the Court may seem just and

proper.

Dated: Garden City, New York
      December 8, 2008

                                                       RONALD J. ROSENBERG, ESQ.
                                                       Rosenberg Calica & Birney LLP
                                                        Attorneys for Defendants and Cross-Claimants
                                                        100 Garden City Plaza, Suite 408
                                                        Garden City, New York 11530
                                                        (516) 747-7400

## VERIFICATION

STATE OF NEW YORK )
        )ss:
COUNTY OF SUFFOLK )

   GARY MELIUS, being duly sworn deposes and says:

   I am an individual Plaintiff in the within action and the President of Water Works Realty Corp. I have read the foregoing Second Amended Verified Answer with Cross-Claims and Counterclaims and know the contents thereof. The same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

              _____
                GARY MELIUS

Sworn to before me this
9th day of December, 2008.

_____
Notary Public

   ELISE M. OLSON
NOTARY PUBLIC, STATE OF NEW YORK
   NO. 01OL4847577
  QUALIFIED IN NASSAU COUNTY
  EXPIRES MARCH 24, 20 10

Index No. 12330/04                    RJI No.                Hon.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

WATER WORKS REALTY CORP. and GARY MELIUS,

               Cross-Claim and Counterclaim Plaintiffs,

      -against-

HARRISON J. EDWARDS III, individually and in his official capacity as Village Counsel for the
Village of Freeport, WILLIAM F. GLACKEN, individually and in his official capacity as Mayor for
the Village of Freeport, RENAIRE DAVIS-FRIERSON individually and in her official capacity as
Deputy Mayor for the Village of Freeport and a Member of the Board of Trustees, the BOARD
OF TRUSTEES for the Village of Freeport being Renaire Davis-Frierson, William H. White, Jr.,
Donald K. Miller, and Jorge A. Martinez, VILMA LANCASTER, individually and in her official
capacity as Treasurer for the Village of Freeport, HOWARD E. COLTON, individually and in his
official capacity as Deputy Village Counsel, the INCORPORATED VILLAGE OF FREEPORT,
JOHN MACARI, individually as former Deputy County Treasurer for the County of Nassau, HENRY
DACHOWITZ, individually as former Treasurer for the County of Nassau, MERILEE DALY,
individually as a former employee for the County of Nassau, THE COUNTY OF NASSAU,
MATTHEW KANTER, GEORGE BROCK, JUST ASSETS NY 1, a New York partnership, JUST
ASSETS NY 1 LLC, KOTSOTEKA LLC, KEITH SERNICK, STACY CLARK, and DAVIDOFF
MALITO & HUTCHER LLP,

               Cross-Claim and
               Counterclaim Defendants.

---

## SUPPLEMENTAL SUMMONS and SECOND AMENDED VERIFIED ANSWER WITH CROSS CLAIMS AND COUNTERCLAIMS

---

### ROSENBERG CALICA & BIRNEY LLP
**Attorneys for Plaintiffs**
Office and Post Office Address, Telephone
100 GARDEN CITY PLAZA, SUITE 408
GARDEN CITY, NEW YORK 11530-3200
(516) 747-7400

---

To                                   Signature (Rule 130-1.1-a)

Attorney(s) for                      _____
                                     Ronald J. Rosenberg, Esq.

---

Service of a copy of the within                    is hereby admitted .
Dated,

                                     _____
                                     Attorney(s) for

---

Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                    Of which the within is a true copy will be presented for settlement to
the HON.                         one of the judges of the within named court at
         on            at        M
Dated,

To                               Yours, etc.
                                 **ROSENBERG CALICA & BIRNEY LLP**
Attorney(s) for                  Attorneys for Plaintiffs
                                 Office and Post Office Address, Telephone
                                 100 GARDEN CITY PLAZA, SUITE 408
                                 GARDEN CITY, NEW YORK 11530-3200
                                 (516) 747-7400



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATER WORKS REALTY CORP. and GARY MELIUS, | |
| Plaintiffs, | |
| -against- | 08-CV-_____ |
| HARRISON J. EDWARDS III, individually and in his official capacity as Village Counsel for the Village of Freeport, WILLIAM F. GLACKEN, individually and in his official capacity as Mayor for the Village of Freeport, RENAIRE DAVIS-FRIERSON individually and in her official capacity as Deputy Mayor for the Village of Freeport and a Member of the Board of Trustees, the BOARD OF TRUSTEES for the Village of Freeport being Renaire Davis-Frierson, William H. White, Jr., Donald K. Miller, and Jorge A. Martinez, VILMA LANCASTER, individually and in her official capacity as Treasurer for the Village of Freeport, HOWARD E. COLTON, individually and in his official capacity as Deputy Village Counsel, the INCORPORATED VILLAGE OF FREEPORT, JOHN MACARI, individually as former Deputy County Treasurer for the County of Nassau, HENRY DACHOWITZ, individually as former Treasurer for the County of Nassau, MERILEE DALY, individually as a former employee for the County of Nassau, THE COUNTY OF NASSAU, MATTHEW KANTER, GEORGE BROCK, JUST ASSETS NY 1, a New York partnership, JUST ASSETS NY 1 LLC, KOTSOTEKA LLC, KEITH SERNICK, STACY CLARK, and DAVIDOFF MALITO & HUTCHER LLP, | CONSENT TO REMOVAL |
| Defendants. | |

Just Assets NY 1, Just Assets NY 1 LLC, Matthew Kanter, George Brock and Kotsoteka

LLC, codefendants in the above-described action, by their attorney, join in the notice of

removal filed in this action by defendants Harrison J. Edwards IV; William F. Glacken;

{00042297.DOC; 1}

Renaire Davis-Frierson; The Board of Trustees for the Village of Freeport; William H.

White, Jr.; Donald K. Miller; Jorge A. Martinez; Vilma Lancaster; Howard E. Colton;

and the Incorporated Village of Freeport (collectively, the "Village Defendants"), and

further consent to removal of the above-described action to this Court as if defendants

Just Assets NY 1, Just Assets NY 1 LLC, Matthew Kanter, George Brock and Kotsoteka

LLC had executed the aforementioned notice as a joint removing party.

Dated: December 11, 2008
       New York, New York

                         COHEN TAUBER SPIEVACK & WAGNER P.C.

                         By: _____
                              Stephen Wagner (swagner@ctswlaw.com)
                              Ginnine B. Fried (gfried@ctswlaw.com)
                              420 Lexington Avenue, Suite 2400
                              New York, New York 10170
                              (212) 586-5800

                              *Attorney for Defendants Just Assets NY 1,*
                              *Just Assets NY 1 LLC, Matthew Kanter,*
                              *George Brock and Kotsoteka LLC*

{00042297.DOC; 1}

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WATER WORKS REALTY CORP. and GARY
MELIUS,

        Cross Claim and Counterclaim Plaintiffs,

       -against-

HARRISON J. EDWARDS IV, individually and in
his official capacity as Village Counsel for the Village
of Freeport, WILLIAM F. GLACKEN, individually and
in his official capacity as Mayor for the Village of
Freeport, RENAIRE DAVIS-FRIERSON individually
and in her official capacity as Deputy Mayor for the
Village of Freeport and a Member of the Board of
Trustees, the BOARD OF TRUSTEES for the Village of
Freeport being Renaire Davis-Frierson, William H.
White, Jr., Donald K. Miller, and Jorge A. Martinez,
VILMA LANCASTER, individually and in her
official capacity as Treasurer for the Village of Freeport,
HOWARD E. COLTON, individually and in his
official capacity as Deputy Village Counsel, the
INCORPORATED VILLAGE OF FREEPORT,
JOHN MACARI, individually as former Deputy County
Treasurer for the County of Nassau, HENRY
DACHOWITZ, individually as former Treasurer
for the County of Nassau, MERILEE DALY,
individually as a former employee for the County of
Nassau, THE COUNTY OF NASSAU, MATTHEW
KANTER, GEORGE BROCK, JUST ASSETS NY 1, a
New York partnership, JUST ASSETS NY 1 LLC,
KOTSOTEKA LLC, KEITH SERNICK, STACY
CLARK, and DAVIDOFF MALITO & HUTCHER
LLP,

                Defendants.

__-CV-____

CONSENT TO REMOVAL

STACY CLARK, and DAVIDOFF MALITO & HUTCHER LLP, codefendants in the

above-described action, by its attorneys, joins in the notice of removal filed in this action

by defendants HARRISON J. EDWARDS IV, individually and in his official capacity as Village Counsel for the Village of Freeport, WILLIAM F. GLACKEN, individually and in his official capacity as Mayor for the Village of Freeport, RENAIRE DAVIS-FRIERSON individually and in her official capacity as Deputy Mayor for the Village of Freeport and a Member of the Board of Trustees, the BOARD OF TRUSTEES for the Village of Freeport being Renaire Davis-Frierson, William H. White, Jr., Donald K. Miller, and Jorge A. Martinez, VILMA LANCASTER, individually and in her official capacity as Treasurer for the Village of Freeport, HOWARD E. COLTON, individually and in his official capacity as Deputy Village Counsel, the INCORPORATED VILLAGE OF FREEPORT ("Village Defendants"), and further consents to removal of the above-described action to this Court as if defendants STACY CLARK, and DAVIDOFF MALITO & HUTCHER LLP, had executed the aforementioned notice as a joint removing party.

Date:  December 12, 2008
       Uniondale, New York

                                    RIVKIN RADLER LLP
                                    Attorneys for Defendants Davidoff,
                                    Malito & Hutcher LLP and Stacy
                                    Clark

                          By:       _____
                                    Peter R. Chatzinoff, Esq. PRC 5625)
                                    926 Rexcorp Plaza
                                    Uniondale, NY  11556-0111
                                    (516) 357-3000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WATER WORKS REALTY CORP. and
GARY MELIUS,                                                            INDEX NO.: 012550/2004

                Cross-Claim and Counterclaim Plaintiffs,

       -against-                                                           **CONSENT TO REMOVAL**

HARRISON J. EDWARDS III, individually and in his
official capacity as Village Counsel for the Village of
Freeport, WILLIAM F. GLACKEN, individually and in
his official capacity as Mayor for the Village of
Freeport, RENAIRE DAVIS-FRIERSON individually
and in her official capacity as Deputy Mayor for the
Village of Freeport and a Member of the Board of
Trustees, the BOARD OF TRUSTEES for the Village
of Freeport being Renaire Davis-Frierson, William
H. White, Jr., Donald K. Miller, and Jorge A. Martinez,
VILMA LANCASTER, individually and in her official
capacity as Treasurer for the Village of Freeport,
HOWARD E. COLTON, individually and in his official
capacity as Deputy Village Counsel, the
INCORPORATED VILLAGE OF FREEPORT, JOHN
MACARI, individually as former Deputy County
Treasurer for the County of Nassau, HENRY
DACHOWITZ, individually as former Treasurer for the
County of Nassau, MERILEE DALY, individually as
a former employee for the County of Nassau, THE
COUNTY OF NASSAU, MATTHEW KANTER,
GEORGE BROCK, JUST ASSETS NY 1, a New York
partnership, JUST ASSETS NY 1 LLC, KOTSOTEKA
LLC, KEITH SERNICK, STACY CLARK, and
DAVIDOFF MALITO & HUTCHER LLP,

                Cross-Claim and Counterclaim Defendants.
-----------------------------------------------------------------x

        Keith Sernick, a Cross-claim and Third-Party Defendant in the above described action, by

his attorneys, Quadrino Schwartz, joins in the Notice of Removal filed in this action by Defendants

Harrison J. Edwards IV, William F. Glacken, Renaire Davis-Frierson, The Board of Trustees for the

Village of Freeport, William H. White, Donald K. Miller, Jorge A. Martinez, Vilma Lancaster, Howard

E. Colton, and the Incorporated Village of Freeport, and further consents to removal of the above-

described action to this Court as if Cross-claim/Third-Party Defendant Keith Sernick had executed

the Notice of Removal as a joint removing party.

Dated: Garden City, New York
       December 16, 2008

QUADRINO SCHWARTZ

By: _____

William J. O'Mahony, Esq.
Attorney for Cross-Claim Defendant/
Third-Party Defendant
*Keith Sernick*
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

WATER WORKS REALTY CORP. and GARY
MELIUS,

               Cross-Claim and Counterclaim Plaintiffs,

            -against-

HARRISON J. EDWARDS III, individually and in
his official capacity as Village Counsel for the Village
of Freeport, WILLIAM F. GLACKEN, individually and
in his official capacity as Mayor for the Village of
Freeport, RENAIRE DAVIS-FRIERSON individually
and in her official capacity as Deputy Mayor for the
Village of Freeport and a Member of the Board of
Trustees, the BOARD OF TRUSTEES for the Village of
Freeport being Renaire Davis-Frierson, William H.
White, Jr., Donald K. Miller, and Jorge A. Martinez,
VILMA LANCASTER, individually and in her
official capacity as Treasurer for the Village of Freeport,
HOWARD E. COLTON, individually and in his
official capacity as Deputy Village Counsel, the
INCORPORATED VILLAGE OF FREEPORT,
JOHN MACARI, individually as former Deputy County
Treasurer for the County of Nassau, HENRY
DACHOWITZ, individually as former Treasurer
for the County of Nassau, MERILEE DALY,
individually as a former employee for the County of
Nassau, THE COUNTY OF NASSAU, MATTHEW
KANTER, GEORGE BROCK, JUST ASSETS NY 1, a
New York partnership, JUST ASSETS NY 1 LLC,
KOTSOTEKA LLC, KEITH SERNICK, STACY
CLARK, and DAVIDOFF MALITO & HUTCHER
LLP,

            Cross-Claim and Counterclaim Defendants,

New York State Supreme
Court Index No. 04-12550

<u>**CONSENT TO REMOVAL**</u>

      PLEASE TAKE NOTICE that Cross-Claim and Counterclaim Defendants, THE

COUNTY OF NASSAU, JOHN MACARI, individually as former Deputy County

Treasurer for the County of Nassau, HENRY DACHOWITZ, individually as former

Treasurer for the County of Nassau, and MERILEE DALY, individually as a former

employee for the County of Nassau, by their attorneys, Nassau County Attorney Lorna B.

Goodman and Deputy Nassau County Attorney Ralph J. Reissman, hereby join in the

Notice of Removal filed in this action by defendant, INCORPORATED VILLAGE OF

FREEPORT, and further, hereby consent to removal of the captioned action to the United

States Court for the Eastern District of New York.

Date:   December 16, 2008
            Mineola, New York

                                            LORNA B. GOODMAN
                                            Nassau County Attorney

                                    By: _____
                                            Ralph J. Reissman (RR 4360)
                                            Deputy County Attorney
                                            1 West Street
                                            Mineola, New York 11501
                                            (516) 571-3046