# ROSENBERG CALICA & BIRNEY LLP

ATTORNEYS AT LAW

100 GARDEN CITY PLAZA, SUITE 408

GARDEN CITY, NEW YORK 11530

TELEPHONE (516) 747-7400

FACSIMILE (516) 747-7480

WWW. RCBLAW.COM

RONALD J. ROSENBERG*
ROBERT M. CALICA
WILLIAM J. BIRNEY
EDWARD M. ROSS⁴
LESLEY A. REARDON
KENNETH E. ANESER°
──────
JOHN S. CIULLA
JUDAH SERFATY
PETER J. WILLIAMS⁺
ROBERT J. HOWARD
DIANA G. ATTNER
MEGAN F. CARROLL⁴
DAVID M. MANNION
PATRICK J. WHITE
JOSHUA M. LIEBMAN‡

KENNETH J. WEINSTEIN
RICHARD A. ROSS
OF COUNSEL

*ALSO ADMITTED FL
⁴ALSO ADMITTED CT
°ALSO ADMITTED CT, NJ, DC
⁺ALSO ADMITTED MD
‡ALSO ADMITTED NJ

July 28, 2009

**via ECF filing**

Magistrate Judge E. Thomas Boyle
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> RE:   Water Works Realty Corp. et al. v. Harrison J. Edwards et al.
> Civ. 08-4754 AND Civ. 08-449

Honorable Sir:

This firm represents the plaintiffs in the above-referenced actions. I respectfully write in connection with various discovery and scheduling issues which require the Court's assistance. Although the parties have conferred on two occasions via conference call pursuant to Local Rule 37.3, we nevertheless have several significant issues which require the Court's assistance as follows:[1]

1.   Stipulation Consolidating Actions:   At the time we first conferenced this matter on March 27, 2009, we indicated to the Court that inasmuch as the two Complaints in the removed actions were virtually identical, we intended to circulate a consolidated pleading and a Stipulation consolidating the two actions for all purposes. We circulated that consolidated pleading and

---

[1] We were finalizing this letter when we received a letter from Mr. Meisels sent to the Court on a similar issue. This letter is not in response thereto, and we reserve the right to file a separate reply to that letter if necessary.

ROSENBERG CALICA & BIRNEY LLP

stipulation just a few days later, on April 1, 2009. After a lengthy delay,[2] counsel for the individual Village defendants (Wilson, Elser, Moskowitz, Dickerson & Edelman LLP)("Wilson Elser") requested certain changes to the consolidated pleading, all of which we agreed to in good faith. Wilson, Elser then circulated a revised Stipulation on July 10, 2009, *which it drafted*, which was again circulated to all counsel. As of today's date, all counsel have signed that Stipulation except for Wilson, Elser, who has refused to sign it unless plaintiffs agree to discontinue the action <u>with prejudice</u> against individual defendant Jorge Martinez. While we previously advised Wilson, Elser that we had no objection to discontinuing as to Mr. Martinez at this time without prejudice, we never agreed that the discontinuance would be "with prejudice." Wilson, Elser has rejected our proposal to discontinue the action against Mr. Martinez without prejudice, and as a result thereof, unreasonably refuses to sign the Stipulation Consolidating the Actions which <u>they</u> prepared.

　　　　2.　　　<u>Document Production And Depositions</u>: On previous conference calls with all counsel, it was agreed that all documents would be exchanged at the end of August 2009 and/or early September 2009, prior to <u>any</u> depositions being taken.　However, defendant Davidoff Malito & Hutcher LLP had earlier subpoenaed the deposition of non-party Lincoln Properties (located in Washington, D.C.) for August 18, 2009, i.e. prior to our document exchange. Based on, *inter alia*, our agreements regarding the exchange of documents, I requested Davidoff Malito to re-schedule this non-party deposition since (I) the documents were not being exchanged until several weeks later; (ii) I had a conflict; and (iii) the non-party should be deposed after the parties' depositions. Thereafter, counsel for the Village of Freeport, Dennis Warren, Esq., advised all parties that he had longstanding vacation plans and could not attend on that date, and also requested that the date be adjourned.

　　　　Further, in light of our agreements as to the document exchange, and in anticipation that the non-party deposition would be adjourned to a mutually convenient date to occur after document production, I indicated my agreement to also reschedule my duly noticed deposition dates starting with July 29, 2009 and continuing into September 22, 2009.

　　　　Nevertheless, as of today's date, this non-party deposition has not been re-scheduled, even though ***neither plaintiff's counsel nor counsel for the Village of Freeport can attend on August 18, 2009.*** The reason given by counsel for their refusal to adjourn is its contention that it would be "difficult" to secure the non-party's appearance on a different date through subpoena. This appears to be nothing more than a tactical attempt to take a non-party deposition prior to the plaintiff's duly-noticed party depositions.

---

　　　　[2] The Court may recall that at our initial conference, I expressed a concern for a potential conflict of interest arising out of the representation by Wilson Elser of both the Village of Freeport and the individual Village defendants, a concern which was shared by the Court. Subsequent thereto, Wilson, Elser informed us that it had reviewed the issue and determined that such a conflict existed and that it would no longer be representing the Village of Freeport, which is now represented by Warren & Warren.　The decision to split representation and retain new counsel caused a delay in these proceedings. More recently, we have been informed that Wilson, Elser no longer represents the individual Howard Colton, Esq., who is also represented by Warren & Warren.

ROSENBERG CALICA & BIRNEY LLP

Further, while the defendants insist in going forward with the non-party deposition, Wilson, Elser is refusing to produce their clients for plaintiffs' duly-noticed depositions until the end of October 2009. Even further, Wilson, Elser claims (without any legal basis) that it should have "priority" in discovery and be able to take plaintiff's depositions first, even though no such depositions have even been noticed. Finally, Wilson, Elser is refusing to proceed with depositions unless a "confidentiality agreement" is signed and stated it would draft and circulate one shortly. That was approximately two weeks ago and we still have not seen a draft of such confidentiality agreement. This is yet another transparent attempt to stall and delay the plaintiff's depositions, while proceeding with defendant's non-party deposition prior to any document production.

In sum, while refusing to honor the plaintiff's deposition notices, the defendants are withholding their witnesses until the end of October, and intending to proceed with a non-party when it knows that neither plaintiffs' counsel nor counsel for the Village will be unable to attend. Accordingly, we seek various rulings including but not limited to (I) a ruling that party depositions shall take place in the order they were noticed, to be followed by non-party depositions; and (ii) that the non-party deposition of Lincoln Properties be adjourned to another date when all counsel can attend if they so wish.

3.      Scheduling:    In light of these issues, including the failure to stipulate to the consolidation of the actions, the parties never entered into a Scheduling Order. Accordingly, we request the Court's assistance in doing so to ensure discovery proceeds in an orderly and timely manner.

4.      Related Issues: If and when the deposition of the non-party Lincoln Properties takes place in Washington, D.C., plaintiffs respectfully request that the defendant Davidoff Malito & Hutcher LLP (who issued the subpoena) pay for the expense (including reasonable counsel fees) pursuant to Local Civil Rule 30.1, of plaintiff's counsel attending such deposition.

As always, the Court's courtesies are most appreciated.

Respectfully submitted,

**ROSENBERG CALICA & BIRNEY LLP**

/S/

Ronald J. Rosenberg

RJR/lr
cc:     Attached Service List

ROSENBERG CALICA & BIRNEY LLP

## SERVICE LIST

Peter Meisels, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
Attorneys for the Individual Village Defendants
3 Gannett Drive
White Plains, NY 10604-3407

Dennis E. Warren, Esq.
Warren & Warren
Attorneys for the Village of Freeport
175-61 Hillside Avenue, Suite 200
Jamaica, New York 11432

Ralph J. Reissman, Esq.
Nassau County Attorney's Office
Attorneys for the County Defendants
1 West Street
Mineola, NY 11501

Stephen Wagner, Esq.
Cohen Tauber Spievack & Wagner P.C.
Attorneys for the Just Assets Defendants
420 Lexington Avenue, Suite 2400
New York, NY  10170

William J. O'Mahoney, Esq.
Quadrino Schwartz P.C.
Attorneys for Keith Sernick
666 Old Country Road, Suite 900
Garden City, NY  11530

Peter Chatzinoff, Esq.
Rivkin Radler LLP
Attorneys for Davidoff Malito & Hutcher LLP
 and Stacy Clark
926 Rexcorp Plaza
Uniondale, NY  11556

Stuart Perlmutter, Esq.
Davidoff Malito & Hutcher LLP
Attorneys for Davidoff Malito & Hutcher LLP
 and Stacy Clark
200 Garden City Plaza
Garden City, NY  11530