UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WATER WORKS REALTY CORP. and GARY MELIUS,

Plaintiffs, Cross-claim and Counter-claim plaintiffs

                                               Dockets 08-04754
                                               08-00449
      -against-                              (LDW)(ETB)

HARRISON J. EDWARDS et al.,

Defendants. Cross-claim and counter-claim defendants
------------------------------------------------------------------------X

## STIPULATION OF SETTLEMENT AND VOLUNTARY DISCONTINUANCE

     WHEREAS, in 2004 an action was commenced in the Supreme Court of the State of New

York, County of Nassau entitled *Arbor Secured Funding, Inc. and Arbor Management LLC v. Just*

*Assets NY 1, Just Assets NY 1 LLC, Water Works Realty Corp., Water Works Realty LLC, Just Your*

*Way, Inc., William O. Brothers III Architect P.C., Incorporated Village of Freeport, Metropolitan*

*Transit Authority, The County of Nassau, and the New York State Department of Taxation and*

*Finance,* Index No. 12550/2005, seeking to set aside certain tax deeds issued by the defendant

County of Nassau to defendant Just Assets NY 1 (the 2004 Action); and

     WHEREAS, defendant Water Works Realty Corp. (Water Works) in the 2004 Action

asserted cross-claims against Just Assets NY 1, Just Assets NY 1 LLC (Just Assets) and the County

of Nassau (the County) in and around January 2005, seeking to set aside the tax deeds and seeking

damages for negligence, slander of title, and disseizure of property under Real Property Law §853

based on its claims, *inter alia*, that certain Notices to Redeem served by Just Assets were defective;

and

WHEREAS, by Short Form Order dated January 24, 2006, the Supreme Court, Nassau County (Warshawsky, J.) declared that  the redemption notices are defective; that the tax deeds issued by the County Treasurer and the subsequently executed quitclaim deeds are cancelled and set aside; [and] that the defendant Water Works [Realty] Corp is the rightful owner of the properties; and

WHEREAS, Just Assets commenced a third-party action against Keith Sernick and Davidoff Malito & Hutcher LLP for legal malpractice; and

WHEREAS, Just Assets commenced an action against the County of Nassau for negligence; and

WHEREAS, the parties conducted discovery on Water Works cross-claims and Just Assets third-party action from 2006 through 2008; and

WHEREAS, in June 2008 Water Works moved to amend its Answer and Cross-Claims to add new cross-claims, new parties, and new counterclaims, and to amend the caption; and

WHEREAS,  on or about July 3, 2008, Water Works and Gary Melius filed a Verified Complaint in the Supreme Court of the State of New York, County of Nassau, Index No. 12310/2008 entitled *Gary Melius and Water Works Realty Corp. v. Harrison J. Edwards IV, individually and in his official capacity as Village Counsel for the Village of Freeport, William F. Glacken, individually and in his official capacity as Mayor for the Village of Freeport, Renaire Davis-Frierson individually and in her official capacity as Deputy Mayor for the Village of Freeport and a Member of the Board of Trustees, the Board of Trustees for the Village of Freeport being Renaire Davis-*

*Frierson, William H. White, Jr., Donald K. Miller, and Jorge A. Martinez, Vilma Lancaster, individually and in her official capacity as Treasurer for the Village of Freeport, Howard E. Colton, individually and in his official capacity as Deputy Village Counsel, the Incorporated Village of Freeport, John Macari individually as former Deputy County Treasurer for the County of Nassau, Henry Dachowitz individually as former Treasurer for the County of Nassau, Merilee Daly individually as a former employee for the County of Nassau, the County of Nassau, Matthew Kanter, George Brock, Just Assets NY 1, a New York partnership, Just Assets NY 1 LLC, Kotsoteka LLC, Keith Sernick, Stacy Clark, and Davidoff Malito & Hutcher LLP* (the July 2008 Action) asserting various claims arising out of the defective Notices to Redeem and the wrongful issuance of the tax deeds including, but not limited to, claims against the Village Defendants for fraud, conspiracy, violations of substantive and procedural due process, deprivation of property rights, violations of the civil RICO statute, and legal fees; and

WHEREAS, the defendants in the July 2008 Action were served with the Verified Complaint in October 2008; and

WHEREAS, by Short Form Order dated November 19, 2008, the Supreme Court of the State of New York, County of Nassau granted Water Works motion to amend in most respects and authorized service of a Second Amended Answer with Cross-Claims and Counterclaims under Index No. 12550/2004 to be captioned *Gary Melius and Water Works Realty Corp. v. Harrison J. Edwards III individually and in his official capacity as Village Counsel for the Village of Freeport, William F. Glacken individually and in his official capacity as Mayor for the Village of Freeport, Renaire Davis-Frierson individually and in her official capacity as Deputy Mayor for the Village of*

*Freeport and a Member of the Board of Trustees, the Board of Trustees for the Village of Freeport being Renaire Davis-Frierson, William H. White, Jr., Donald K. Miller, and Jorge A. Martinez, Vilma Lancaster, individually and in her official capacity as Treasurer for the Village of Freeport, Howard E. Colton, individually and in his official capacity as Deputy Village Counsel, the Incorporated Village of Freeport, John Macari individually as former Deputy County Treasurer for the County of Nassau, Henry Dachowitz individually as former Treasurer for the County of Nassau, Merilee Daly individually as a former employee for the County of Nassau, the County of Nassau, Matthew Kanter, George Brock, Just Assets NY 1, a New York partnership, Just Assets NY 1 LLC, Kotsoteka LLC, Keith Sernick, Stacy Clark, and Davidoff Malito & Hutcher LLP* , also asserting claims arising out of the wrongful issuance of the tax deeds including, but not limited to, claims against the Village Defendants for fraud, conspiracy, violations of substantive and procedural due process, deprivation of property rights, and legal fees (the 2004 Amended Action); and

WHEREAS, Water Works and Gary Melius duly amended their Second Amended Answer to conform with the Short Form Order dated November 19, 2008; and

WHEREAS, the defendants in the July 2008 Action filed a Notice of Removal on November 24, 2008, removing the action from the Supreme Court of the State of New York, Nassau County to the Eastern District of New York, Docket No. Civ-08-4754; and

WHEREAS, Water Works and Gary Melius served the Second Amended Answer in the 2004 Amended Action on or about December 9, 2008; and

WHEREAS, the defendants in the 2004 Amended Action filed a second Notice of Removal on December 18, 2008, removing the 2004 Amended Action from the Supreme Court of the State of

New York, County of Nassau to the Eastern District of New York, Docket No. Civ-08-0449; and

WHEREAS, Plaintiffs Gary Melius and Water Works Realty Corp. (the Water Works Parties) and defendant Incorporated Village of Freeport (hereinafter the Village) desire to reach a full and final agreement to settle their present disputes; and

WHEREAS, the Water Works Parties and the Village wish to execute this Stipulation of Settlement ("Stipulation of Settlement and Voluntary Discontinuance" or "Stipulation") in order to consummate the terms of the settlement.

NOW, THEREFORE, the Water Works Parties and the Village hereby stipulate and agree as follows:

1.    The dispute only between the Water Works Parties and the Village, and the Individual Village Defendants (as defined in paragraph 5 below) who timely comply with the provisions applicable to them including paragraph 5 hereof, is hereby settled for the sum of Three Million Five Hundred Thousand Dollars ($3,500,000)(the Settlement Payment), to be paid by the Village to the Water Works Parties as provided herein.

2.    The Village of Freeport will make each installment of the Settlement Payment to the Water Works Parties by good check, bank or certified check, and timely delivered at the addresses and  on or before each date provided herein.

3.    If any installment of the Settlement Payment is not timely delivered at the specified address by each date specified herein  (and/or should the check(s) delivered be dishonored for any reason) and such failure shall continue for fifteen (15) days after written notice thereof is sent to the Village (such failure to timely cure a default within said fifteen (15) days shall be hereafter referred

to as an "Event of Default"),  then in addition to all other rights and remedies the Water Works

Parties may have, the Village irrevocably hereby agrees that the Water Works Parties shall be

entitled to the immediate entry by this Court of a Judgment, in the sum of Three Million Five

Hundred Thousand Dollars ($3,500,000) in favor of the Water Works Parties and against the Village

of Freeport, based upon, among other things,  the allegations in the complaint, and said Water Works

Parties shall be entitled to immediate execution thereon with  interest at the rate of nine (9%) per

cent per annum beginning on the date the Event of Default occurs and shall continue thereafter until

said money judgment is fully paid, Water Works Parties reasonable attorneys fees incurred in

connection with the execution and collection of said money judgment and in such event, the Village

hereby irrevocably consents to the immediate entry of, and execution upon, said judgment for said

amount of Three Million Five Hundred Thousand Dollars ($3,500,000) in favor of the Water Works

Parties and against the Village of Freeport if the Settlement Payment is not timely and properly made

as required herein.  In addition to all other rights and remedies provided for herein and under law and

as additional remedy and security for the Settlement Payment due from the Village, the Village

within ten (10) days of the date hereof, shall execute and deliver to the attorneys for the Water Works

Parties, a confession of judgment, in a form prepared by said attorney or acceptable to said attorney,

in the sum of Three Million Five Hundred Thousand Dollars ($3,500,000) in favor of the Water

Works Parties and against the Village of Freeport, which confession of judgment shall not be filed by

them unless and until an Event of Default occurs,  and if an Event of Default occurs, then  the Water

Works Parties and/or their attorneys shall be thereupon duly authorized to file the said confession of

judgment with the Court without any further notice.  The Village of Freeport shall be appropriately

credited against the execution upon said judgment for any payments the Village had made prior to the entry of said judgment.  Furthermore, Water Works Parties may in the Event of Default, make any appropriate applications including but not limited to, an application for the immediate entry of a money judgment in said amount of $3,500,000.00 plus applicable interest in their favor and against the Village of Freeport and upon entry of said judgment, this action will be deemed concluded except to the extent as may be necessary or desirable to enforce said judgment.  The Water Works Parties shall be entitled to recover from the Village all of their attorneys, costs and expenses they may incur in enforcing this Stipulation and/or in connection with any judgment to be entered and executed upon herein.  If no Event of Default occurs, promptly after the Water Works Parties receipt of the entire Settlement Payment herein, the unfiled, original confession of judgment shall be delivered to the attorney for the Village.

4.      The parties hereby authorize their respective attorneys to promptly file this Stipulation of Settlement and  Voluntary Dismissal as to the Village, in this action as well as the related action in this Court entitled *Melius v. Edwards et al.*, Docket No. 08-449.  The Water Works Parties shall execute and deliver to the counsel for the Village Defendants Stipulations of Dismissal With Prejudice on behalf of those who timely comply with the provisions herein applicable to them herein. The form of such Stipulations of Dismissal shall be in the form annexed hereto as Exhibits A and B

5.      Upon  condition that the Water Works Parties counsel actually receives by November 16, 2009, TIME BEING OF THE ESSENCE, at least four (4) original ink signed copies of the Stipulation of Discontinuance in the  forms annexed hereto as Exhibit A and B, from and signed by

any or all of the following defendants and their respective counsel: Howard Colton, Vilma Lancaster, Harrison J. Edwards III, William F. Glacken, Renaire Davis-Frierson, Jorge Martinez, William H. White, Jr., and Donald K. Miller, (said defendants referred to in this Agreement as the "Individual Village Defendants "), then the Water Works Parties and their counsel agree to promptly execute and return three (3) such Stipulations to such defendant(s) counsel, whereafter such defendant(s) counsel shall promptly file one (1) fully signed original with this Court for each Defendant(s) and for each Docket Number above (i.e. two (2) such Stipulations must be filed by the respective defendant(s) counsel for each defendant who timely executes and delivers same, one (1) for each Docket Number above).

6.    (a)    Provided and for so long as an Event of Default has not occurred, Water Works Realty Corp. and Gary Melius hereby agree to indemnify and hold the Village of Freeport harmless from and against any final, non-appealable judgment which is awarded against the Village of Freeport solely to the extent and as a result of any claim brought by one of the remaining, non-Village defendants against the Village, which (i) is based on the Water Works Parties claims and causes of action asserted in the Complaint or the Second Amended Answer with Cross-Claims and Counterclaims in these actions, which claims are settled herein; and (ii) is based on acts within the scope of any of the Village official duties which would obligate the Village of Freeport to indemnify the individual Village Defendant(s) under Public Officers Law §18. The amount of the indemnification is limited, however, to the amount of the judgment obtained by the Water Works Parties against that non-settling non-Village defendant, and does not extend to the amount of any judgment obtained by the non-settling defendant against the Village of Freeport which (i) is in excess

of the judgment obtained by the Water Works Parties against that non-settling non-Village defendant; and/or (ii) which is not rendered as a direct result and by reason of the judgment obtained by the Water Works Parties. For example, if the Water Works Parties obtain a judgment for $1 million dollars against the County of Nassau, and the County of Nassau, in turn, asserts cross-claims against the Village of Freeport and obtains a judgment for $1.5 million dollars, the Water Works Parties are only obligated to indemnify the Village of Freeport in an amount up to and including the $1 million dollar judgment obtained by the Water Works Parties, and only to the extent that the judgment issued to the County of Nassau or any portion thereof was determined by the Court to be due by reason of the judgment issued to the Water Works Parties against the non-settling defendant (which in this example could not exceed the Water Works Parties $1 million dollar judgment). The parties acknowledge that there are currently no cross-claims asserted or threatened against the Village of Freeport or any of the Village Defendants by any party arising out of any of the matters mentioned in the Water Works' Complaint or in Water Works' Second Amended Answer with Cross-Claims and Counterclaims in these actions, other than by the Water Works Parties.

(b)   The Village of Freeport (the Indemnified Party) must give Water Works Realty Corp. (the Indemnifying Party) written notice of such claim (an Indemnification Claim Notice) within ten (10) days after the Indemnified Party receives any written notice of any action, lawsuit, proceeding, investigation, or other claim or potential claim against or involving the Indemnified Party or becomes aware of the liability, obligation or facts giving rise to such claim for indemnification.

(c)   Should such a claim or action be asserted against the Village of Freeport,

Water Works Realty Corp. and Gary Melius shall have the right to designate counsel or (to act as co-counsel in conjunction with the attorney for the Village of Freeport that may be required pursuant to Public Officers Law Section 18) and reasonably acceptable to the Village of Freeport to represent the Village of Freeport.  Notwithstanding anything in this paragraph to the contrary, the cost and expense and payment of all attorneys fees of such defense by counsel not designated by Water Works and Gary Melius is and shall be the Villages sole responsibility and obligation.

   7. The Three Million Dollar Five Hundred Thousand Dollar ($3,500,000.00) Settlement Payment shall be paid as follows:

(a) Immediately upon the execution of this Stipulation, the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00) shall be paid by good check made payable to the order of "Water Works Realty Corp." and delivered to Ronald J. Rosenberg, Esq.'s address as specified in paragraph 12  herein; with a second payment of Two Hundred and Fifty Thousand Dollars ($250,000.00) by January 31, 2010 delivered  to Ronald J. Rosenberg, Esq.'s address as specified in paragraph 12 herein or at such other address to which written notice is given to the Village.

(b) The Three Million Dollar ($3,000,000.00) principal balance of the Settlement Payment shall be paid with interest at the rate of 6.5% per cent per annum interest as follows: 1) commencing on February 1, 2010 and on the 1st day of each succeeding month thereafter until January 1, 2016, constant monthly payments each in the sum of Twenty Nine Thousand One Hundred Sixty Six and 67/100 Dollars ($29,166.67) payable to the order of "Gary Melius." Said monthly payments shall be applied first to interest at the 6.5 per annum compounded interest rate and the balance in reduction of the principal; and 2) the entire outstanding unpaid principal balance of the Settlement Payment,

together with all interest, calculated at the rate of 6.5% per annum compounded annually shall be due and payable on February 1, 2016. All installment payments shall be paid by good check or wire transfer made payable to the order of "Gary Melius" and delivered to Gary Melius' address at 135 West Gate Drive, Huntington, New York 11743 or at such other address to which written notice is given to the Village. Attached hereto as Exhibit C is a copy of the amortization schedule related to the payments of the $3,000.000.00 portion of the Settlement Payment

8.      The undersigned hereby agree that the Settlement is not an acknowledgement or an admission of wrongdoing by the current Mayor Andrew Hardwick, Village Attorney Howard Colton, nor by the current Board of Trustees of the Village of Freeport nor by the Water Works Parties and that this suit is being settled, among other reasons, to avoid further litigation and to avoid the cost, trouble and distraction such further litigation would involve.

9.      This Stipulation of Settlement is entered into by the undersigned parties and constitutes a full and final settlement among them with regard to the foregoing. All the undersigned represent and warrant to the other that they have full authority to enter into this Stipulation of Settlement and that this Stipulation of Settlement is binding upon them.

10.     This Stipulation of Settlement is not a settlement with any other party to any of the above captioned actions other than the Village and those Individual Village Defendants that timely execute and deliver signed stipulations of voluntary discontinuance in timely accordance with the provisions of this Stipulation.

11.     This Stipulation shall be submitted to Judge Leonard Wexler to be "so-ordered," but whether or not "so-ordered" shall, as among the parties and their counsel, be deemed to constitute

and have the force and effect of an order of the Court in this action, and shall be enforceable among them as such. In the event the Court shall fail or refuse to "so-order" this stipulation within 30 days after it shall have been submitted for such purpose, this Stipulation shall nevertheless be deemed to become fully effective and binding upon the parties and their counsel as provided herein.

12.     All notices, demands and other communications permitted or required to be given hereunder shall be given in writing by (a) personal delivery, or (b) reputable overnight delivery service with proof of delivery, or (c) United States Mail, postage prepaid, registered or certified mail, return receipt requested, or (d) legible facsimile transmission sent to the intended addressee at the address and facsimile number set forth below, or to such other address or to the attention of such other person as the addressee shall have designated by written notice sent in accordance herewith, and shall be deemed to have been given either at the time of personal delivery, or, in the case of overnight delivery service or mail, as of the date of first attempted delivery at the address and in the manner provided herein, or, in the case of facsimile transmission, as of the date of the facsimile transmission provided that an original of such facsimile is also sent to the intended addressee by means described in clauses (a), (b), or (c) above.  Unless changed in accordance with the preceding sentence, the address for notices given pursuant to this Stipulation of Settlement shall be as follows:

<u>If to the Water Works Parties:</u>

      Gary Melius
      135 W. Gate Drive
      Huntington, New York 11743
      Facsimile:  (631) 592-5991

<u>With a copy to:</u>

Ronald J. Rosenberg, Esq.
Rosenberg, Calica & Birney LLP
100 Garden City Plaza, Suite 408
Garden City, New York 11530
Facsimile: (516) 908-3502

<u>If to the Village Defendants:</u>

Village Hall, Village of Freeport
46 North Ocean Avenue
Freeport, New York 11520
Facsimile: (516) 771-4127

<u>With a copy to:</u>

Dennis E. Warren, Esq.
Warren & Warren
11 West Sunrise Highway
Freeport, New York 11520
Facsimile: 516-223-5232

13.　This Stipulation of Settlement shall be governed and construed in accordance with the laws of the State of New York.  Any and all actions relating to this Stipulation of Settlement shall be brought only in this Court or in the Supreme Court of the State of New York located in Nassau County, New York.

14.　All prior understandings and agreements between the parties are merged in this Stipulation of Settlement which alone fully and completely expresses the agreement between them.

15.　Should any provision or provisions of this Stipulation of Settlement require judicial interpretation, it is agreed that the court interpreting or considering the same shall not apply the presumption that the terms be strictly construed against the party who itself or through its agent

prepared the same; it being agreed that all Parties hereto have participated in the preparation of this Stipulation of Settlement.

16.    This Stipulation of Settlement may not be amended and no term, condition or other provision hereof, or any default or breach in connection therewith, may be waived other than by a duly executed written instrument. This Stipulation of Settlement may not be orally modified. The failure to insist upon the strict performance of any covenant, term, condition or other provision of this Stipulation of Settlement or to exercise any right or remedy thereunder shall not constitute a waiver of any such covenant, term, condition or other provisions thereof or default or breach in connection therewith, nor shall any waiver be implied from such failure.

17.    All rights and remedies herein enumerated shall be cumulative and none shall exclude any right or remedy allowed by law, and said rights and remedies may be exercised and enforced concurrently and whenever and as often as occasion therefor arises.

18.    This Stipulation of Settlement may be executed in counterparts, with each such counterpart deemed to be an original and the counterparts taken together, constituting one and the same agreement binding on the Parties hereto. The Parties agree to take such action and deliver such documents as may be necessary to effectuate the provisions, terms and conditions of this Stipulation of Settlement.

[SIGNATURE PAGE FOLLOWS]

Dated: November 10, 2009

_____
GARY MELIUS Individually and as
President of and on behalf of Water Works Realty Corp.,
Plaintiffs, cross claim plaintiffs and counter-claim plaintiffs

_____
Incorporated Village of Freeport, Defendant
By: Mayor Andrew Hardwick

_____
RONALD J. ROSENBERG, ESQ.
Rosenberg, Calica & Birney LLP
Attorneys for Plaintiffs, cross-claim and counter-claim
plaintiffs Gary Melius and Water Works Realty Corp.

_____
DENNIS E. WARREN, ESQ.
Warren and Warren, LLP
Attorneys for the Defendants Village of Freeport,
Howard Colton

SO ORDERED:

_____
                    U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WATER WORKS REALTY CORP. and GARY MELIUS,

Plaintiffs, Cross-claim and Counter-claim plaintiffs

                                                 Dockets 08-04754

                                                 08-00449

     -against-

                                                 (LDW)(ETB)
                                               **STIPULATION OF**

HARRISON J. EDWARDS et al.,                          DISCONTINUANCE

Defendants. Cross-claim and counter-claim defendants
------------------------------------------------------------------------X

       THIS STIPULATION OF VOLUNTARY DISCONTINUANCE is made as of the

_____ day of November 2009 (the "Stipulation") by and among Plaintiff, Cross-claim and

Counter Claim plaintiffs Water Works Realty Corp., and Gary Melius ("Plaintiffs")and their

undersigned attorney, and the undersigned defendant(s) ("Defendant") and his/her/their

undersigned attorney.

       NOW, THEREFORE, for and in consideration of the promises, agreements, covenants

and conditions herein, the adequacy and sufficiency of which are hereby expressly

acknowledged by each of the parties hereto it is hereby agreed as follows:

       1.     Each of the undersigned parties hereto agree that this case is settled by the

Plaintiffs and the Village of Freeport and each undersigned Defendant(s) who timely complies

with the terms and conditions set forth herein and in the Stipulation of Settlement between the

Village of Freeport and the Plaintiffs ("Village Stipulation") which is dated November 10,

2009 and is attached hereto and made a part hereof as Exhibit 1.   Provided the undersigned

*Exhibit A*

Defendant and his/her attorney timely executes and delivers at least four (4) original unmodified signed copies of this Stipulation to Plaintiffs counsel by November 16, 2009, as provided in the Village Stipulation, this case shall be deemed voluntarily discontinued with prejudice against each such undersigned Defendant.

2.   Each undersigned Defendant represents and warrants to and in favor of the Plaintiffs, that the only attorneys who have represented him/her in this Action is the law firm of Wilson, Elser, Moscowitz & Eder, ("Wilson Elser") and such partners and associates employed therein and that he/she has made this Agreement voluntarily and after having received satisfactory legal advice from Wilson Elser and having any and all questions related to this Agreement satisfactorily explained to him/her by Wilson Elser and  is fully and completely satisfied with the legal representation provided by Wilson Elser.

3.   Each undersigned Defendant acknowledges that he/she may hereafter discover claims or facts in addition to or different from those which he/she now knows or believes to exist with respect to the subject matter of this Agreement and which, if known or suspected at the time of executing this Agreement, may have materially affected this settlement. Nonetheless, each undersigned Defendant hereby waives any right, claim or cause of action that might arise as a result of such different or additional claims or facts.

4   Each undersigned Defendant specifically represents and warrants that he/she has read the Village Stipulation and this Stipulation carefully and; that he/she has fully discussed it with his/her attorneys and that he/she has signed this Stipulation voluntarily and of his/her own free will; and he/she has no objections to the Village Stipulation nor this Stipulation and agrees not to ever interfere, nor challenge or criticize the terms of either Stipulation in any manner.

5.     The undersigned affirm that the only consideration for signing this Stipulation are the representations and promises contained herein and that no other representation, promise or agreement of any kind has been made to or with the undersigned by any person or entity whatsoever to cause the undersigned to sign this Stipulation.   This Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties with respect to the subject matter of this Stipulation and Release, and may not be clarified, modified, changed or amended except in writing.

6. The parties agree that any disputes under this Stipulation shall only be determined by this Court.  This Stipulation shall be governed by the substantive law of the State of New York, without giving effect to principles of conflict of laws.

7. This Stipulation shall be binding upon and inure to the benefit of each of the parties hereto, and each of their respective parents, subsidiaries, affiliates, legal representatives, estates, purchasers, successors, assigns, heirs, administrators, personal representatives, and executors.

8. This Stipulation may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. **[THE REST OF THIS PAGE IS BLANK]**

**IN WITNESS WHEREOF** the parties have hereunto set their hands the day and year first above written.

Dated:      White Plains, New York
             November ____, 2009

_____
Harrison J. Edwards III, Defendant

_____
William F. Glacken, Defendant

_____
Renaire Davis-Frierson, Defendant

_____
William H. White, Jr., Defendant

_____
Donald K. Miller, Defendant

_____
Jorge Martinez, Defendant

_____
Vilma Lancaster, Defendant

Wilson Elser Moskowitz Edelman & Dicker LLP
Attorneys for Defendants Harrison J. Edwards III, William
F. Glacken, Renaire Davis-Frierson, William H. White, Jr., Jorge
Martinez, and  Donald K. Miller and Vilma Lancaster

By:_____

      Print Name:_____

So Ordered:         Rosenberg  Calica & Birney LLP
                  Attorneys for Plaintiffs Water Works Realty Corp. and Gary Melius

_____
U.S.D.J.

                  By_____
                    Ronald J. Rosenberg, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WATER WORKS REALTY CORP. and GARY MELIUS,

Plaintiffs, Cross-claim and Counter-claim plaintiffs

                                                           Dockets 08-04754

                                                           08-00449

       -against-

                                                      (LDW)(ETB)
                                                   **STIPULATION OF**
HARRISON J. EDWARDS et al.,                          DISCONTINUANCE

Defendants. Cross-claim and counter-claim defendants
------------------------------------------------------------------------X

       THIS STIPULATION OF VOLUNTARY DISCONTINUANCE is made as of the

_____ day of November 2009 (the "Stipulation") by and among Plaintiff, Cross-claim and

Counter Claim plaintiffs Water Works Realty Corp., and Gary Melius ("Plaintiffs")and their

undersigned attorney, and the undersigned defendant(s) ("Defendant") and his/her/their

undersigned attorney.

       NOW, THEREFORE, for and in consideration of the promises, agreements, covenants

and conditions herein, the adequacy and sufficiency of which are hereby expressly

acknowledged by each of the parties hereto it is hereby agreed as follows:


       1.     The undersigned parties hereto agree that this case is settled by the Plaintiffs

and the Village of Freeport and if the undersigned Defendant timely complies with the terms

and conditions set forth herein and in the Stipulation of Settlement between the Village of

Freeport, and the Plaintiffs ("Village Stipulation") which is dated November 10, 2009 and is

attached hereto and made a part hereof as Exhibit 1.     Provided the undersigned Defendant

$Exhibit\ B$

and his attorney timely executes and delivers at least four (4) original unmodified  signed copies of this Stipulation to Plaintiffs counsel by November 16, 2009 as provided in the Village Stipulation, this case shall be deemed voluntarily discontinued with prejudice against the undersigned Defendant.

2.    The undersigned Defendant represents and warrants to and in favor of the Plaintiffs, that the only attorneys who have represented him in this Action was the law firm of Wilson, Elser, Moscowitz & Eder, ("Wilson Elser") and such partners and associates employed therein and then the law firm of Warren and Warren, (the "Warren Firm") and such partners and associates employed therein and that he/ has made this Agreement voluntarily and after having received satisfactory legal advice from the Warren Firm and having any and all questions related to this Agreement satisfactorily explained to him by the Warren Firm and is fully and completely satisfied with the legal representation provided by the Warren Firm.

3.    The undersigned Defendant acknowledges that he may hereafter discover claims or facts in addition to or different from those which he/she now knows or believes to exist with respect to the subject matter of this Agreement and which, if known or suspected at the time of executing this Agreement, may have materially affected this settlement. Nonetheless, the undersigned Defendant hereby waives any right, claim or cause of action that might arise as a result of such different or additional claims or facts.

4     The undersigned Defendant specifically represents and warrants that he has read the Village Stipulation and this Stipulation carefully and; that he/she has fully discussed it with his attorneys and that he has signed this Stipulation voluntarily and of his own free will; and he has no objections to the Village Stipulation nor this Stipulation and agrees not to ever interfere, nor challenge or criticize the terms of either Stipulation in any manner.

2

5.    The undersigned affirm that the only consideration for signing this Stipulation are the representations and promises contained herein and that no other representation, promise or agreement of any kind has been made to or with the undersigned by any person or entity whatsoever to cause the undersigned to sign this Stipulation.   This Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties with respect to the subject matter of this Stipulation and Release, and may not be clarified, modified, changed or amended except in writing.

6.  The parties agree that any disputes under this Stipulation shall only be determined by this Court.  This Stipulation shall be governed by the substantive law of the State of New York, without giving effect to principles of conflict of laws.

7.  This Stipulation shall be binding upon and inure to the benefit of each of the parties hereto, and each of their respective parents, subsidiaries, affiliates, legal representatives, estates, purchasers, successors, assigns, heirs, administrators, personal representatives, and executors.

8.  This Stipulation may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. [**THE REST OF THIS PAGE IS BLANK**]

**IN WITNESS WHEREOF** the parties have hereunto set their hands the day and year first above written.

Dated:     Freeport, New York
            November ____, 2009

                                  _____
                                  Howard E. Colton, Defendant

                                  Warren and Warren, Esqs.,
                                  Attorneys for Defendants Howard Colton and the Village of Freeport

                                  By:_____
                                      Dennis E. Warren, Esq.

                                  Rosenberg, Calica & Birney LLP
                                  Attorneys for Plaintiffs Water Works Realty Corp, and Gary Melius

                                  By:_____

                                  Ronald J. Rosenberg, Esq.

So Ordered:

_____
U.S.D.J.

Mortgage/Loan Calculator with Amortization Schedule                    http://www.bretwhissel.net/cgi-bin/amortize

| Pmt | Principal | Interest | Cum Prin | Cum Int | Prin Bal |
|---|---|---|---|---|---|
| 1 | 12916.67 | 16250.00 | 12916.67 | 16250.00 | 2987083.33 |
| 2 | 12986.64 | 16180.03 | 25903.31 | 32430.03 | 2974096.69 |
| 3 | 13056.98 | 16109.69 | 38960.29 | 48539.72 | 2961039.71 |
| 4 | 13127.70 | 16038.97 | 52087.99 | 64578.69 | 2947912.01 |
| 5 | 13198.81 | 15967.86 | 65286.80 | 80546.55 | 2934713.20 |
| 6 | 13270.31 | 15896.36 | 78557.11 | 96442.91 | 2921442.89 |
| 7 | 13342.19 | 15824.48 | 91899.30 | 112267.39 | 2908100.70 |
| 8 | 13414.46 | 15752.21 | 105313.76 | 128019.60 | 2894686.24 |
| 9 | 13487.12 | 15679.55 | 118800.88 | 143699.15 | 2881199.12 |
| 10 | 13560.17 | 15606.50 | 132361.05 | 159305.65 | 2867638.95 |
| 11 | 13633.63 | 15533.04 | 145994.68 | 174838.69 | 2854005.32 |
| 12 | 13707.47 | 15459.20 | 159702.15 | 190297.89 | 2840297.85 |
| 13 | 13781.72 | 15384.95 | 173483.87 | 205682.84 | 2826516.13 |
| 14 | 13856.37 | 15310.30 | 187340.24 | 220993.14 | 2812659.76 |
| 15 | 13931.43 | 15235.24 | 201271.67 | 236228.38 | 2798728.33 |
| 16 | 14006.89 | 15159.78 | 215278.56 | 251388.16 | 2784721.44 |
| 17 | 14082.76 | 15083.91 | 229361.32 | 266472.07 | 2770638.68 |
| 18 | 14159.04 | 15007.63 | 243520.36 | 281479.70 | 2756479.64 |
| 19 | 14235.74 | 14930.93 | 257756.10 | 296410.63 | 2742243.90 |
| 20 | 14312.85 | 14853.82 | 272068.95 | 311264.45 | 2727931.05 |
| 21 | 14390.38 | 14776.29 | 286459.33 | 326040.74 | 2713540.67 |
| 22 | 14468.32 | 14698.35 | 300927.65 | 340739.09 | 2699072.35 |
| 23 | 14546.69 | 14619.98 | 315474.34 | 355359.07 | 2684525.66 |
| 24 | 14625.49 | 14541.18 | 330099.83 | 369900.25 | 2669900.17 |
| 25 | 14704.71 | 14461.96 | 344804.54 | 384362.21 | 2655195.46 |
| 26 | 14784.36 | 14382.31 | 359588.90 | 398744.52 | 2640411.10 |
| 27 | 14864.44 | 14302.23 | 374453.34 | 413046.75 | 2625546.66 |
| 28 | 14944.96 | 14221.71 | 389398.30 | 427268.46 | 2610601.70 |
| 29 | 15025.91 | 14140.76 | 404424.21 | 441409.22 | 2595575.79 |
| 30 | 15107.30 | 14059.37 | 419531.51 | 455468.59 | 2580468.49 |
| 31 | 15189.13 | 13977.54 | 434720.64 | 469446.13 | 2565279.36 |
| 32 | 15271.41 | 13895.26 | 449992.05 | 483341.39 | 2550007.95 |
| 33 | 15354.13 | 13812.54 | 465346.18 | 497153.93 | 2534653.82 |
| 34 | 15437.30 | 13729.37 | 480783.48 | 510883.30 | 2519216.52 |
| 35 | 15520.91 | 13645.76 | 496304.39 | 524529.06 | 2503695.61 |
| 36 | 15604.99 | 13561.68 | 511909.38 | 538090.74 | 2488090.62 |
| 37 | 15689.51 | 13477.16 | 527598.89 | 551567.90 | 2472401.11 |
| 38 | 15774.50 | 13392.17 | 543373.39 | 564960.07 | 2456626.61 |
| 39 | 15859.94 | 13306.73 | 559233.33 | 578266.80 | 2440766.67 |
| 40 | 15945.85 | 13220.82 | 575179.18 | 591487.62 | 2424820.82 |
| 41 | 16032.22 | 13134.45 | 591211.40 | 604622.07 | 2408788.60 |
| 42 | 16119.07 | 13047.60 | 607330.47 | 617669.67 | 2392669.53 |
| 43 | 16206.38 | 12960.29 | 623536.85 | 630629.96 | 2376463.15 |
| 44 | 16294.16 | 12872.51 | 639831.01 | 643502.47 | 2360168.99 |
| 45 | 16382.42 | 12784.25 | 656213.43 | 656286.72 | 2343786.57 |
| 46 | 16471.16 | 12695.51 | 672684.59 | 668982.23 | 2327315.41 |
| 47 | 16560.38 | 12606.29 | 689244.97 | 681588.52 | 2310755.03 |
| 48 | 16650.08 | 12516.59 | 705895.05 | 694105.11 | 2294104.95 |
| 49 | 16740.27 | 12426.40 | 722635.32 | 706531.51 | 2277364.68 |
| 50 | 16830.94 | 12335.73 | 739466.26 | 718867.24 | 2260533.74 |
| 51 | 16922.11 | 12244.56 | 756388.37 | 731111.80 | 2243611.63 |
| 52 | 17013.77 | 12152.90 | 773402.14 | 743264.70 | 2226597.86 |
| 53 | 17105.93 | 12060.74 | 790508.07 | 755325.44 | 2209491.93 |
| 54 | 17198.59 | 11968.08 | 807706.66 | 767293.52 | 2192293.34 |
| 55 | 17291.75 | 11874.92 | 824998.41 | 779168.44 | 2175001.59 |
| 56 | 17385.41 | 11781.26 | 842383.82 | 790949.70 | 2157616.18 |
| 57 | 17479.58 | 11687.09 | 859863.40 | 802636.79 | 2140136.60 |

Exhibit C

Mortgage/Loan Calculator with Amortization Schedule                    http://www.bretwhissel.net/cgi-bin/amortize

| Pmt | Principal | Interest | Cum Prin | Cum Int | Prin Bal |
|-----|-----------|----------|----------|---------|----------|
| 58 | 17574.26 | 11592.41 | 877437.66 | 814229.20 | 2122562.34 |
| 59 | 17669.46 | 11497.21 | 895107.12 | 825726.41 | 2104892.88 |
| 60 | 17765.17 | 11401.50 | 912872.29 | 837127.91 | 2087127.71 |
| 61 | 17861.39 | 11305.28 | 930733.68 | 848433.19 | 2069266.32 |
| 62 | 17958.14 | 11208.53 | 948691.82 | 859641.72 | 2051308.18 |
| 63 | 18055.42 | 11111.25 | 966747.24 | 870752.97 | 2033252.76 |
| 64 | 18153.22 | 11013.45 | 984900.46 | 881766.42 | 2015099.54 |
| 65 | 18251.55 | 10915.12 | 1003152.01 | 892681.54 | 1996847.99 |
| 66 | 18350.41 | 10816.26 | 1021502.42 | 903497.80 | 1978497.58 |
| 67 | 18449.81 | 10716.86 | 1039952.23 | 914214.66 | 1960047.77 |
| 68 | 18549.74 | 10616.93 | 1058501.97 | 924831.59 | 1941498.03 |
| 69 | 18650.22 | 10516.45 | 1077152.19 | 935348.04 | 1922847.81 |
| 70 | 18751.24 | 10415.43 | 1095903.43 | 945763.47 | 1904096.57 |
| 71 | 18852.81 | 10313.86 | 1114756.24 | 956077.33 | 1885243.76 |
| 72 | *1885243.76 | 10211.74 | 3000000.00 | 966289.07 | 0.00 |

*The final payment has been adjusted to account for payments having been rounded to the nearest cent.