```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WATER WORKS REALTY CORP. and
GARY MELIUS,

                        Plaintiffs,           MEMORANDUM
                                              OPINION AND ORDER
            -against-                         CV 08-0449 (LDW) (ETB)

HARRISON J. EDWARDS, WILLIAM GLACKEN,
RENAIRE FRIERSON-DAVIS, WILLIAM WHITE,
DONALD MILLER, and VILMA LANCASTER,

                        Defendants.
----------------------------------------------------------------X
```

Without passing judgment as to the validity with respect to any affirmative defense in the nature of an offset based on the prior settlement in this action, especially with respect to any future judgment in the civil RICO cause of action herein, see Singer v. Olympia Brewing Co., 878 F.2d 596 (2d Cir. 1989), and notwithstanding the extensive delay of two to three years, based on the pro se status of five of the six remaining individual defendants in this action, the court grants the request to assert this settlement as an offset "as and for a Thirty-Sixth Affirmative Defense," see Defendants' Proposed Amended Answer, annexed to Defendants' Motion to File an Amended Answer at Exhibit 3.

"A party may amend the party's pleading only by leave of court or by written consent of the other party; and leave shall be given as justice so requires." Fed. R. Civ. P. 15(a). The decision to allow such leave is firmly within the discretion of the district court. See Liberty Mut. Ins. Co. v. First Brighton Transp. Mgmt., No. 07 CV 715, 2008 U.S. Dist. LEXIS 31791, at *11-12 (E.D.N.Y. Apr. 16, 2008) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)). Leave to amend will only be granted in the absence of bad faith or unnecessary delay on the part of the movant, and only if permitting the proposed amendment

would not be futile and would not unduly prejudice the non-moving party.  See Carson Optical, Inc. v. Prym Consumer USA, Inc., No. 11 Civ 3677, 2012 U.S. Dist. LEXIS 151552, at *3-4 (E.D.N.Y. Oct. 22, 2012) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  "Mere delay... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 855 (2d Cir. 1981).  In determining whether to grant leave to amend, the court considers only whether plaintiff is entitled to offer evidence to support the claims asserted, not whether plaintiff will ultimately prevail.  See Luparello v. Inc. Vill. of Garden City, 290 F. Supp. 2d 341, 343 (E.D.N.Y. 2003); see also Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

While this motion should have been filed much earlier, there is no prejudice to the plaintiff Water Works Realty Corp. and its principal, plaintiff Gary Melius.  Moreover, in the event of an adverse judgment in this action the prejudice resulting to the defendants has the potential to be severe.

The defendants' request is denied with respect to that portion of the proposed Thirty-Sixth Affirmative Defense relating to a set-off of approximately $6.2 million arising from the unconsummated acquisition by Nassau County of the real estate held by the plaintiff corporation. This reportedly is an approved contract pursuant to a Nassau County Open Space program, however it is not a settlement relating to the within action.  For this reason it fails to fall within the purview of New York General Obligation Law § 15-108(a) and therefore any such off-set would be futile. Since § 15-108(a) is the sole ground for seeking relief, the motion to amend with respect to the potential sale of the property is without merit.

I further note that although there may be an approved contract in place, there has been

no closing and therefore no consummation of the sale. The Court takes judicial notice that the Nassau County Interim Finance Authority ("NIFA") oversees the financing of Nassau County and that any such transaction in all likelihood is subject to approval by NIFA before the expenditure of any funds by the County of Nassau. Neither party discusses this contingency in its submissions.

Defendant Harrison J. Edwards is directed to serve a copy of this Order on all pro se parties upon receipt.

**SO ORDERED:**

Dated: Central Islip, New York
October 25, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge